UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

"ECF CASE"

————————————————————X

ASIA TV USA LTD.

CASE NO.: 12 CIV 5261 (WP)

Plaintiff,

VERIFIED COMPLAINT

vs.

RELIABLE IPTV LLC;
RAVI ADUSUMILLI;
ANNE SRINIVASA RAO;
KWICK SALES PVT. LTD.;
AND JOHN DOES 1-20,

Defendants.

————————————————————X

Plaintiff ASIA TV USA LTD. ("ATUL" or "PLAINTIFF"), brings these claims against

RELIABLE IPTV LLC ("RELIABLE"), RAVI ADUSUMILLI ("RAVI"), ANNE SRINIVASA

RAO ("RAO"), KWICK SALES PVT. LTD. ("KWICK") and Does 1-20 (collectively the

"DEFENDANTS") as follows:

## NATURE OF THE ACTION

1.      ATUL seeks injunctive relief, declaratory relief and damages pursuant to Sections 32,

43(a) and 43(c) of the Lanham Act (15 U.S.C. §§ 1064, 1119, 1127 1114, 1125(a) and (c)),

Section 360-1 of the New York General Business Law, and the common law of the State of New

York; and, Title 17 of the US Copyright Act, 17 U.S.C. §§ 101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121); and 28 U.S.C. §§ 1331, 1332(a) and 1338; and the US Copyright Act, 17 U.S.C. §§ 101 *et seq.,* and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c), because defendants are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

4.      Defendants RELIABLE and RAVI have submitted to the Jurisdiction of this Court pursuant to a DISTRIBUTION AGREEMENT (defined below) signed by them with Plaintiff ATUL.

5.      Personal jurisdiction is also conveyed over the DEFENDANTS since each is engaged in substantial business and/or has committed tortuous acts and/or solicits business within this Judicial District; specifically, but without limitation, each DEFENDANT operates and maintains business activities which market, promote, offer for sale, offer for broadcast, and attempt to, broadcast, distribute and transmit, entertainment and media content bearing federally trademarked logos to which PLAINTIFF has the exclusive rights in the United States and North America, within this Judicial District.

6.      DEFENDANTS voluntarily and knowingly accessed and placed, Indian media and entertainment content with federally trademarked logos to which PLAINTIFF owns the exclusive rights into the stream of interstate commerce in the United States, conscious that

New York and this Judicial District was the likely destination of a substantial quantity of such content.

7.      Venue is also proper because, prior to defendants RELIABLE and RAVI's breach of contract and infringing activities, they engaged in communications and solicited Plaintiff ATUL's business and entered into the DISTRIBUTION AGREEMENT (as defined below) in this Judicial District.

## THE PARTIES

8.      Plaintiff ATUL is a Delaware Corporation with its principal place of business at One Penn Plaza, 250 West 34th Street, Suite 3501, New York, NY 10119.

9.      Defendant RELIABLE is a Delaware Limited Liability Company with its principal place of business at 255 New Brunswick Road, Suite N330, Piscataway, NJ 08854.

10.     Upon information and belief, defendant RAVI, who is a resident of New Jersey and conducts business out of the offices of RELIABLE, was and at all times relevant herein, is employed, owns, operates, supervises and/or personally directs the operation of, and personally derives economic benefit from, the business of RELIABLE, including the unauthorized access and streaming and transmission of content belonging to Plaintiff ATUL.

11.     Upon information and belief, defendant RAVI determines, authorizes and directs the activities of RELIABLE, including, without limitation, the activities infringing content belonging to Plaintiff ATUL.

12.     Upon information and belief, defendant KWICK is a company based in India with a principal place of business at Plot No.P-9/6, Road No. 5, IDA Nacharam, Hyderabad-500 076, Andhra Pradesh, India.

13.     Upon information and belief, defendant RAO, who is a resident in India and conducts business out of the offices of KWICK, was and at all relevant times mentioned herein, has been employed, owns, operates and/or supervises, is an officer, director and member of, owns and personally directs the operation of, and personally derives economic benefit from, the business of KWICK, including the illegal access of signals from India and the streaming and transmission of Indian media and entertainment content belonging exclusively to Plaintiff ATUL in the United States, and the facilitation of the viewing and access of such content in the United States from the RELIABLE PLATFORM as defined below.

14.     Upon information and belief, RAO determines, authorizes and directs the activities of KWICK, including, without limitation, the activities infringing PLAINTIFF'S content and exclusive license rights under copyright, and PLAINTIFF'S exclusive rights to exploit federally trademarked logos, as alleged herein, and including the illegal access, streaming and transmission of said content and the facilitation of the viewing and access of said content to South Asian and particularly Indian residents concentrated in the Eastern Coast of the United States.

15.     Upon information and belief, RAVI is the alter ego of RELIABLE and personally conceived and created the OTT platform and sales and services used in the business of RELIABLE, and personally determined to offer, and selected and/or created the programming and infringing business model to offer, content infringing Plaintiff's exclusive rights under trademark and copyright; RAVI's activities have directly resulted in the unauthorized streaming and access and transmission through the OTT platform owned and controlled by RELIABLE, including the streaming and transmission of unauthorized content and the facilitation of the viewing and accessing unauthorized content belonging to Plaintiff.

16.     Upon information and belief, RAO is the alter ego of KWICK and personally authorizes and directs KWICK's activities, including, without limitation, the activities infringing PLAINTIFF'S rights to content including federally registered trademarks.

17.     Upon information and belief, DEFENDANTS transact business throughout the world including in the United States and specifically with customers located in and around this Judicial District.

18.     PLAINTIFF has been a victim of and is under constant threat from media pirates. These "pirates" either unlawfully sell or distribute media entertainment content and other content, which includes content owned exclusively by PLAINTIFF in the United States. While the identity of some of these "pirates" may be known to the PLAINTIFF and are named herein as DEFENDANTS in this action, others are unknown to the PLAINTIFF and are referred to herein as "John Doe".

19.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DEFENDANTS sued herein as John Does 1 through 20, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names (the "DOE DEFENDANTS"). PLAINTIFF will seek leave of Court to amend this Complaint to state the DOE DEFENDANTS true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and on that basis avers, that the DOE DEFENDANTS are liable to PLAINTIFF as a result of their participation in all or some of the acts and omissions herein set forth; in that, they and each of them have, owned, operated and/or supervised the operation of, and/or derived financial benefit from the activities that infringe PLAINTIFF'S exclusive rights to certain content including exclusive rights to federally registered trademarks.

## BACKGROUND AND FACTS

20.     The acts complained of herein have arisen out of the same common scheme or plan to violate the PLAINTIFF'S rights, or the same transaction, occurrence, or series of transactions or occurrences, and there are questions of law and fact common to all DEFENDANTS, which will arise in this action.

21.     This is a straightforward case of knowing and willful infringement and violation of the Lanham Act, involving the unauthorized distribution of Indian media and entertainment content belonging to PLAINTIFF; illegal access and transmission of signals from India in order to distribute said Indian media and entertainment content via an OTT platform in the United States and other countries; the  unauthorized display of the federally registered trade names and trademarks associated with the said Indian media and entertainment content to which PLAINTIFF has exclusive rights; and, which Indian media and content with trade names and trademarks are being flagrantly distributed and displayed to the public by DEFENDANTS notwithstanding PLAINTIFF'S and other content owners' repeated written and verbal requests and direct warnings to the DEFENDANTS to cease such illegal conduct and activities.

22.     Defendants RELIABLE and RAVI, with the active assistance of defendants KWICK and RAO, maintain a highly active Over-The-Top ("OTT") content platform which, due to  recent advancement and evolution in the ability to use the internet to transmit  the channels, DEFENDANTS have pirated Plaintiff's signals and are retransmitting them to subscribers of their video programming services for a fee. DEFENDANTS'  unauthorized and illicit activities include, but are not limited to, accessing programs and channels for  purposes of selling the right to view the content of same which contain content owned by Plaintiff and

clearly set forth federally trademarked logos to which Plaintiff ATUL also owns the exclusive rights. DEFENDANTS are aware that the New York Metropolitan area and specifically the counties in and around New York City contain a high population of Indians and other South Asians who are interested in viewing Indian media and entertainment and, DEFENDANTS intentionally solicit these potential viewers and sell Plaintiff's content to them via their OTT platform.

## **ATUL'S BUSINESS**

23.     Plaintiff ATUL is engaged in the media and entertainment business, and is the exclusive distributor of certain media and entertainment content, including the ZEE CONTENT (as described below)) produced in India with trade names and trademarks associated with said Indian content in the Americas.

24.     The ZEE CONTENT comprises the "ZEE" premium linear cable television programming channels, which include movies and television mini-series, musical specials, sporting events, life style, news and health, and other variety shows, primarily related and focused on India, in the various Indian languages ("ZEE CONTENT"), as well as content that comprises Veria Living, a linear cable television channel targeted to the U.S. audience (collectively, the "ATUL MEDIA CONTENT" and hereinafter referred to as "PLAINTIFF'S CONTENT" or "ATUL MEDIA CONTENT").

25.     The territory for which Plaintiff ATUL has such exclusive distributorship is North America (Canada and the United States), all of South America, Central America and the Caribbean (the "TERRITORY").

26.     Plaintiff ATUL received exclusive rights of distributorship in the TERRITORY for the ZEE CONTENT via a Programming Services Distribution Agreement and Addendum from ASIA TODAY LTD. ("ASIA TODAY").  ASIA TODAY derived its rights under copyrights and trademark to the ZEE CONTENT from Zee Entertainment Enterprises Limited, a company located in Mumbai, India ("ZEE"). Annexed hereto as Exhibit "A" is the Addendum to the Programming Services Distribution Agreement.

27.     The ZEE CONTENT includes the stylized "ZEE" and "Z" logos, as well as the trade names and trade marks or wordmarks "ZEE" and "Z" (collectively, the "REGISTERED MARKS"), which PLAINTIFF has the exclusive rights to display and distribute as part of the ZEE CONTENT assigned to PLAINTIFF in the TERRITORY.

28.     As the exclusive distributor and rights holder in the TERRITORY of the trade names and trademarks:  "ZEE" and "Z", PLAINTIFF has coordinated with ASIA TODAY to cause the registration of the same with the United States Patent and Trademark Office. Attached to this Complaint as Exhibit "B" are the Certificates of United States Trademark Registration obtained by PLAINTIFF from the United States Patent and Trademark Office for the registered stylized "ZEE" logos, and the application for registration of the word marks or trademarks "ZEE" and  "Z" and for the related ZEE channels.

29.     PLAINTIFF has at all times acted properly within the laws of the United States, Canada and India when obtaining exclusive rights to exploit media entertainment content and trademarks and when distributing said ATUL MEDIA CONTENT in the TERRITORY.

30.     PLAINTIFF, along with ZEE, has at all times carefully conducted itself in order to build an excellent reputation among producers and distributors of Indian music, films and other media entertainment, as well as consumers of Indian music, films, and media entertainment

for distributing a superior premium video programming, and for credibility and honesty in its business dealings and for distributing only that media entertainment for which it has obtained the exclusive rights to display and distribute a wide variety of programming, and, as a result of its efforts, has been successful in doing so. Such excellent reputation and goodwill are invaluable to Plaintiff ATUL and to ZEE.

31.     The ZEE CONTENT is produced in India and recognized in India to be in full compliance with the copyright laws of the country of India. PLAINTIFF has caused the REGISTERED MARKS to be registered in full compliance with the Lanham Act.

32.     PLAINTIFF and its predecessor entities, has for a number of years, been distributing the ZEE CONTENT in the Indian language(s), in the United States and throughout North America, and with the REGISTERED MARKS and trade-name and trademarks displayed thereon.

33.     PLAINTIFF has continuously and uninterruptedly used and now uses the REGISTERED MARKS "ZEE" and "Z" trade name and marks to identify and distinguish PLAINTIFF'S ZEE CONTENT, by including and attaching said trade names and marks to products, printed upon the packaging and artwork in which the ZEE CONTENT is contained, and used in PLAINTIFF'S advertising and catalog and, more recently, on PLAINTIFF'S website (http://zeetvusa.com) in connection with the distribution of the ZEE CONTENT and Plaintiff's ATUL MEDIA CONTENT and related products.

34.     The "ZEE" trade name and stylized "Z" logos are well known and distinguished in the South Asian and Indian communities in the United States, Canada, and the World; and are strongly associated with PLAINTIFF'S business and distribution of programs and channels, so

that the ZEE CONTENT is simply known and referred to as "ZEE" or "Z" throughout these communities.

35.     PLAINTIFF has throughout its experience in the entertainment industry, been committed to and engaged in the production of high quality products and services, and has developed a correspondingly high reputation in the South Asian and Indian communities throughout the World and particularly, in the United States and Canada, North and Central Americas and the Caribbean.  PLAINTIFF is anxious to preserve and protect its accomplishments and reputation and the corresponding value of Plaintiff's ATUL MEDIA CONTENT, which includes and is not limited to,  the ZEE CONTENT and the REGISTERED MARKS and trade name, including protecting PLAINTIFF'S reputation with ZEE and other content producers in India and worldwide.

## DEFENDANTS' BUSINESS

36.     Based upon promotion materials issued by RELIABLE, it is alleged that defendant RELIABLE is in the business of offering entertainment services for the South Asian community living in the Western World Countries such as the USA, Canada, UK, Germany and other European Countries by providing an IPTV/OTT Service with Live Events/TV Channels/Movie content from the Indian Sub-Continent.

37.     Defendants RELIABLE AND RAVI have built, maintain, and control an IPTV and/or OTT platform with the brand name "RELIABLE IPTV" which DEFENDANTS have designed and knowingly, willfully and intentionally operate to facilitate the access and transmission of Indian media entertainment content to the public in the United States and other countries (the "RELIABLE PLATFORM" or, the "PLATFORM").

38.   Defendants KWICK and RAO, operate a business which includes accessing signals and media and entertainment content in India and transmitting said content from India to the United States and other countries.

39.   Upon information and belief, KWICK and RAO have engaged in the business of assisting RELIABLE and RAVI in the accessing of signals with the ZEE CONTENT and transmission of signals from India to the United States in order to facilitate the unauthorized access and transmission of ZEE CONTENT to and within the TERRITORY via the RELIABLE PLATFORM.

40.   DEFENDANTS have managed to, and continue to, illegally access ('pirate') signals in India, and thereby transmit the ZEE CONTENT/PLAINTIFF'S CONTENT illegally from India to the United States for consumer/public viewing by subscribers of the RELIABLE PLATFORM ("INFRINGING ACTIVITIES").

41.   DEFENDANTS' INFRINGING ACTIVITIES are being conducted notwithstanding repeated verbal and written demands by and on behalf of PLAINTIFF ATUL and ZEE.

42.   DEFENDANTS' INFRINGING ACTIVITIES misleads the public into believing that they are purchasing ZEE programs and viewing ZEE CONTENT in a manner authorizedby PLAINTIFF ATUL and/or ZEE.

43.   The INFRINGING ACTIVITIES by the DEFENDANTS is intentional because DEFENDANTS know that they could readily operate their respective businesses and PLATFORM legally and through a valid license with Plaintiff ATUL, but DEFENDANTS chose not to.

44.     DEFENDANTS know that their INFRINGING ACTIVITIES are creating a serious loss of credibility for Plaintiff ATUL and ZEE in the Indian media and entertainment industry in the TERRITORY and worldwide, but they refuse to cease such INFRINGING ACTIVITIES notwithstanding repeated requests and demands.

45.     DEFENDANTS' INFRINGING ACTIVITIES are built on an infringement-driven business by exploiting the popularity of the PLAINTIFF'S CONTENT/the ZEE CONTENT amongst thousands of potential customers of said content.

46.     Upon information and belief, DEFENDANTS derive opportunities for advertising revenues directly attributable to the INFRINGING ACTIVITIES; as well as added viewership and interest.  The public draw to view the unauthorized streaming/transmission of PLAINTIFF'S CONTENT/the ZEE CONTENT already has, and will continue to, contribute to the growth of the DEFENDANTS' business and business potential; and, will simultaneously destroy PLAINTIFF'S business and PLAINTIFF'S business potential.

47.     The DEFENDANTS' INFRINGING ACTIVITIES involves the knowing, intentional and unauthorized access, transmission and distribution by the DEFENDANTS of PLAINTIFF'S CONTENT/the ZEE CONTENT, and which unauthorized transmission of channels and programs have been distributed by DEFENDANTS through and/or facilitated by DEFENDANTS' PLATFORM and web site in violation of PLAINTIFF'S exclusive rights to content including exclusive rights to the use of the REGISTERED MARKS.

## THE PARTIES' PAST RELATIONSHIP

48.     On or around  January 9, 2011 PLAINTIFF entered into a  Distribution Agreement effective as of December 19, 2011, with respect to the ZEE CONTENT (Annexed hereto is Exhibit "C", is the "DISTRIBUTION AGREEMENT")with defendant  RELIABLE

(executed by defendant RAVI as President of RELIABLE) to allow limited portions of the ZEE CONTENT to be distributed by RELIABLE subject to the specific and detailed requirements regarding: (i) the technical inspection with respect to the security measures required of RAVI and RELIABLE in order to launch the ZEE CONTENT in an authorized and secure manner; (ii) the safety procedures to be taken to securely access signals in a manner and mode authorized by PLAINTIFF; (iii) the particular method and means of transmission of the programs and channels of PLAINTIFF'S CONTENT to the public; (iv) the stringent accounting and accountability provisions; and, (v) the acknowledgment by RELIABLE and RAVI of the Plaintiff/ATUL's ownership of the intellectual property rights in and to the PLAINTIFF'S CONTENT.

49.     Rather than comply with the conditions precedent to the agreement, specifically, the security requirements to ensure that Plaintiff's content could not be pirated, defendants ignored the security requirements and themselves pirated PLAINTIFF'S CONTENT, illegally accessing('pirating ') signals for ZEE CONTENT from India in order to transmit PLAINTIFF'S CONTENT/ ZEE CONTENT to viewers and subscribers in the TERRITORY.

50.     Upon learning of the defendant RELIABLE'S and RAVI'S illegal access and transmission of certain ZEE CONTENT, the PLAINTIFF'S representatives immediately contacted RAVI and demanded that RAVI/RELIABLE cease and desist from said unauthorized access and transmission. PLAINTIFF made further inquiries to ascertain where and how these signals were being illegally accessed by the defendants RAVI and RELIABLE. PLAINTIFF'S investigation and inquiries led PLAINTIFF to the defendants KWICK and RAO, who, upon information and belief, were accessing the signals with the ZEE CONTENT in India and transmitting said content to the defendants RELIABLE and RAVI in the United States.

51.     In addition to PLAINTIFF'S numerous written and verbal demands to the

DEFENDANTS to cease such activities, the original owner/producer of the PLAINTIFF'S

CONTENT, ZEE, also issued warning letters, including a demand to cease and desist, directly to

the DEFENDANTS as well as to the facilitator and provider of the set top boxes to the

DEFENDANTS, "Roku, Inc.". Annexed hereto as Exhibit "D" are the Notices issued by ZEE

and PLAINTIFF to the DEFENDANTS.

### DEFENDANTS' ILLEGAL ACTS
### TRADEMARK INFRINGEMENT

52.     The DEFENDANTS have had constructive notice of the REGISTERED MARKS

since the date(s) of their registration (Exhibit "B").

53.     The DEFENDANTS have had actual notice of the REGISTERED MARKS since

defendants RAVI and RELIABLE approached PLAINTIFF for a license to distribute the ZEE

CONTENT.

54.     The DEFENDANTS have also had notice of the ZEE/Z trademarks and logos

since the time ZEE produced and distributed media content with said trademarks and logos as

part of the ZEE CONTENT which has been since July 1998 in the TERRITORY.

55.     Upon information and belief, DEFENDANTS have advertised, offered for sale

and sold/distributed programs and channels bearing the REGISTERED MARKS in interstate

commerce for DEFENDANTS' own commercial gain. Annexed hereto as Exhibit "E" are copies

of 'snap shots' of programs streamed by DEFENDANTS with the REGISTERED MARKS.

56.     DEFENDANTS' conduct is willful, wonton, malicious, with full knowledge of

PLAINTIFF'S rights, and will continue after service of this complaint unless enjoined by the

Court.

57.     DEFENDANTS' acts and conduct are causing, and, unless restrained by this Court, will continue to cause, irreparable harm to PLAINTIFF, which cannot be adequately compensated by money damages. DEFENDANTS' conduct deprives PLAINTIFF of its ability to exploit the unique intellectual property represented by the ZEE CONTENT and Z Registered Marks.

58.     At all times relevant hereto, DEFENDANTS have had actual knowledge of PLAINTIFF'S exclusive rights to exploit the ZEE and Z Registered Marks including its exclusive rights to exploit the ZEE and Z Registered Marks in the United States.

59.     PLAINTIFF has expended large sums of money in advertising the REGISTERED MARKS and the "ZEE" name, in the State of New York and throughout the United States and the TERRITORY, and, the entertainment industry and general public have identified the REGISTERED MARKS and the trade name, "ZEE" or "Z", with PLAINTIFF'S CONTENT, the ATUL MEDIA CONTENT and the ZEE CONTENT; not only by reason of the fact that the REGISTERED MARKS have been and are applied to the labels, artwork and packaging of the ATUL MEDIA CONTENT/PLAINTIFF'S CONTENT, but also by reason of the fact that the REGISTERED MARKS and the ZEE/Z trade name have been and are used by PLAINTIFF in its advertising literature and circulars and on PLAINTIFF'S website relating to PLAINTIFF'S CONTENT and the ZEE CONTENT, and by its authorized affiliates and licensees, which include some of the largest ISP/multi-video programming distributors in the TERRITORY(e.g., DISH, Verizon FIOS, Comcast, Time Warner Cable and others).

## DEFENDANTS' ILLEGAL ACTS
## COPYRIGHT INFRINGEMENT

60.     Despite the above, upon information and belief, DEFENDANTS have continued to access, transmit and distribute, without PLAINTIFF'S consent, PLAINTIFF'S CONTENT/the ZEE CONTENT by:

      i.     accessing signals from India for transmission of PLAINTIFF'S CONTENT/the ZEE CONTENT; and

      ii.     transmitting PLAINTIFF'S CONTENT/the ZEE CONTENT via the Internet and streaming for viewing of the ZEE programs/channels in the United States.

61.     DEFENDANTS' access, transmission, and distribution of PLAINTIFF'S CONTENT/the ZEE CONTENT is wholly without any authorization or consent from PLAINTIFF or ZEE.

62.     Upon information and belief, DEFENDANTS are accessing, transmitting and distributing, PLAINTIFF'S CONTENT/the ZEE CONTENT for their own commercial gain.

63.     DEFENDANTS' conduct is willful, wonton, malicious, with full knowledge of PLAINTIFF'S rights, and will continue after service of this complaint unless enjoined.

64.     DEFENDANTS' acts are causing, and, unless retrained by this Court, will continue to cause, irreparable harm to PLAINTIFF, which cannot be adequately compensated by money damages. DEFENDANTS' conduct deprives PLAINTIFF of its ability to exploit the unique intellectual property represented by the PLAINTFF'S CONTENT/the ZEE CONTENT. Therefore, PLAINTIFF seeks a preliminary injunction and permanent injunction prohibiting

DEFENDANTS from infringing the PLAINTIFF'S CONTENT/the ZEE CONTENT, and any other ATUL CONTENT in any medium or form.

66.    At all times relevant hereto, DEFENDANTS have had actual knowledge of PLAINTIFF'S exclusive rights under copyright including its right to exploit the copyrighted works in the United States.

## DEFENDANTS' ILLEGAL ACTS
## DEFENDANTS' BREACH OF THE DISTRIBUTION AGREEMENT

66.    In the DISTRIBUTION AGREEMENT (Exhibit "C"), the Plaintiff ATUL [referred to as "Network" in the DISTRIBUTION AGREEMENT] and defendants RAVI and RELIABLE conceded to and agreed to the following:

**Section 8. "Intellectual Property**: …that the names and trademarks "Zee TV", "Zee Business", Zee Premier", "Zing" and "Zee Smile" an any and all other trademarks, service names, trade names, and logos of Network [ATUL] and/or its Affiliated Companies…and the entire content of each of the Services, and the trademarks, copyrights, database rights and all other types of intellectual property rights and proprietary rights, foreign or domestic, held by Network [ATUL] and/or its Affiliated Companies….are and shall remain the sole and exclusive property of Network [ATUL]…"

**Section 4. "Delivery of the Services**:

(a)    Transmission By Network [ATUL] of Services. Network [ATUL] shall transmit an SD [standard definition] Feed of the USA/Americas feed of each of the Services via, at its sole discretion, either (i) satellite(s) or (ii) fiber optic cable or (iii) any Content Delivery Network that Network may have in operation during

the course of the Term and the SD Signal of each Service shall be deemed delivered to Distributor [RELIABLE] when transmitted to the satellite or fiber optic cable facility utilized by Network or Network's Content Delivery Network, as the case may be…"

(b)      "Reception and Distribution of Services by Distributor. Distributor shall…maintain…facilities and equipment necessary for the receipt of the signals of the Services by …Network and for the delivery of such Signals to Service Subscribers…In addition, …Distributor shall distribute the Services …with Network's transmission of the Services…Network [ATUL] reserves and retains all rights in and to all signal distribution capacity …"

**Section 7.   "Security.** Distributor shall transmit the Services using industry standard encryption that is adequate and appropriate to protect against unauthorized use of the Services. Distributor shall not, and shall not authorize other to, copy, record, or otherwise reproduce any part of any of the Services without Network's prior written authorization. At all times…Distributor shall employ, maintain and upgrade industry-standard security systems and procedures (including without limitation, maintenance of access control systems and systems to effectively protect digital outputs) as are necessary to:

(a) effectively prevent the transmission of the Services outside of the Territory;

(b) prevent theft, pirating, unauthorized copying or duplication, unauthorized receipt or access, redistribution of the Services and any content thereof….; and

(c ) prevent unauthorized access …In the event Distributor becomes aware of any transmission of one (1) or more Services outside the Territory or any

unauthorized access to, use, duplication, or distribution of any Service or any content thereof…arising out of Distributor's receipt and/or distribution of one (1) or more of the Services, Distributor shall (i) promptly notify Network thereof; (ii) use its best efforts to prevent such incident from continuing and to mitigate the effects of such incident; (iii) at its own expense, assist with any reasonable request of Network to investigate and/or remediate any such incident; and (iv) reimburse Network for any reasonable costs and expenses incurred by Network in taking any reasonable remediation steps necessary with respect to such incident."

Defendants RELIABLE and RAVI further agreed, among other provisions, to provide ATUL/Network with: License Fees; Reporting Requirements; Audit Rights (Section 6); Access to RELIABLE's Content Delivery Network and Subscriber Management System (Section 6 (d)); and Technical Audit Rights; none of which RELIABLE/RAVI have provided Plaintiff ATUL with.

67.     PLAINTIFF performed all obligations required of PLAINTIFF under the DISTRIBUTION AGREEMENT up to the point that such agreement was terminated.

68.     The defendants RELIABLE and RAVI breached the DISTRIBUTION AGREEMENT by failing, among other things, to abide by Sections 8, 4, 7 and 6 as described above.

69.     As a result of defendants RAVI and RELIABLE's breaches, PLAINTIFF has been damaged by an amount to be determined at trial.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Pursuant To 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a))

70.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 69, as if set forth fully herein.

71.     PLAINTIFF owns the exclusive rights to the REGISTERED MARKS in the TERRITORY for the purpose of effecting the distribution and the protection/ enforcement of said rights against infringers of the ZEE programming services.

72.     Upon information and belief, since the first week of March 2012, DEFENDANTS have used the "ZEE" and "Z" Registered Marks in interstate commerce in connection with advertising, marketing, promotion, and distribution of PLAINTIFF'S CONTENT/the ZEE CONTENT.

73.     DEFENDANTS were never authorized by PLAINTIFF to advertise, market, promote, offer for sale or sell programming under or in connection with PLAINTIFF'S CONTENT/the ZEE CONTENT with the REGISTERED MARKS, because Defendants never satisfied or completed the steps necessary to effect a secure launch of the channels in a manner approved of and coordinated through PLAINTIFF for the TERRITORY.

74.     DEFENDANTS' unauthorized access and transmission and use of PLAINTIFF'S CONTENT/the ZEE CONTENT and the REGISTERED MARKS is likely to confuse, mislead and deceive members of the public as to the origin of the PLAINTIFF'S CONTENT/the ZEE CONTENT and Plaintiff/ATUL's goods and services, or cause the pubic to believe that

DEFENDANTS are authorized distributors of PLAINTIFF'S CONTENT/the ZEE CONTENT and the ATUL CONTENT.

75.     DEFENDANTS' unauthorized use of the PLAINTIFF'S CONTENT/the ZEE CONTENT and the REGISTERED MARKS in connection with their advertisement, marketing, promotion, offering for sale and distribution of PLAINTIFF'S CONTENT/the ZEE CONTENT constitutes infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), to the substantial and irreparable injury of the public and of PLAINTIFF'S business reputation and goodwill.

76.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

77.     As a direct and proximate result of DEFENDANTS' acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S rights to exclusive use of the REGISTERED MARKS in the TERRITORY. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further such acts.

### SECOND CLAIM FOR RELIEF
### (Trademark Dilution in Violation of the Lanham Act)

78.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 77, as if set forth fully herein.

79.     By virtue of the prominent and continuous use of the Registered Marks "ZEE" and "Z" in interstate commerce, PLAINTIFF'S use of the REGISTERED MARKS has become distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

80.     DEFENDANTS' conduct dilutes the distinctive quality of the REGISTERED MARKS in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

81.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

82.     As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe upon the REGISTERED MARKS. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further acts.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition And False Designation Of Origin 15 U.S.C. § 1125(a))

83.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 82, as if set forth fully herein.

84.     The PLAINTIFF'S CONTENT/the ZEE CONTENT which DEFENDANTS are illegally accessing, transmitting and distributing, and/or displaying, falsely indicate that defendant RELIABLE is authorized to access, transmit, distribute, and/or display the PLAINTIFF'S CONTENT/the ZEE CONTENT.

85.     Upon information and belief, DEFENDANTS have used and are continuing to use forms of false designations of origins and false descriptions which tend to falsely describe or represent such programs and have caused such programs and services to enter into commerce with full knowledge of the falsity of such designation of origin

86.     DEFENDANTS have and continue to misrepresent to members of the consuming public that the PLAINTIFF'S CONTENT/the ZEE CONTENT being transmitted and distributed

publicly are programs being aired with the authorization of PLAINTIFF and/or ZEE and are non-infringing.

87.     DEFENDANTS' advertising, promotion, marketing, offer for sale of the programs and channels bearing the "ZEE" and "Z" Registered Marks is likely to confuse, mislead and deceive the public as to the origin, sponsorship or approval of RELIABLE's goods and services, or to cause the public to falsely believe that RELIABLE is authorized to advertise, market, promote, offer for sale and sell goods and service bearing the "ZEE" and "Z" Registered Marks.

88.     DEFENDANTS' actions constitute unfair competition, false advertising, false designation of origin and/or false or misleading description of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

90.     As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S exclusive rights to PLAINTIFF'S CONTENT/the ZEE CONTENT in the TERRITORY. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further acts.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

91.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 90, as if set forth fully herein.

92.     DEFENDANTS' unauthorized use in interstate commerce of the REGISTERED MARKS "ZEE" and "Z" in connection with their advertisement, marketing, promotion, offering for sale, sale or distribution of PLAINTIFF'S CONTENT/the ZEE CONTENT constitutes infringement under the common law of the State of New York as well as infringes upon PLAINTIFF'S common law rights of exclusive use of the REGISTERED MARKS to the substantial and irreparable injury of the public and PLAINTIFF'S business reputation and good will.

93.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

94.     As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S exclusive rights to the REGISTERED MARKS. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further such acts.

### FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

95.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 94, as if set forth fully herein.

96.     DEFENDANTS' actions as alleged herein were and are likely to deceive the consuming public and constitute unlawful, unfair and/or fraudulent business practices and unfair competition under the common law of the State of New York.

97.     Upon information, DEFENDANTS have used these unlawful, unfair and/or fraudulent business practices to deceive the consuming public and therefore constitute unlawful,

unfair competition and/or fraudulent business practices in violation of the common law of the State of New York.

98.     DEFENDANTS' (1) unfair business practices; (2) unlawful business practices; (3) fraudulent business practices; (4) unfair, deceptive, untrue or misleading advertising; and/or (5) other acts in violation under the common law of the State of New York described above present a continuing threat to members of the public in that they are likely to be deceived as to the origin and quality of PLAINTIFF'S CONTENT/the ZEE CONTENT and the ATUL CONTENT.

99.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

100.     As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S exclusive rights to exploit the REGISTERED MARKS and the PLAINTIFF'S CONTENT/the ZEE CONTENT. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further such acts.

## SIXTH CLAIM FOR RELIEF
### (Direct Copyright Infringement Pursuant To 17 U.S.C. § 501, et seq.)

101.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 100, as if set forth fully herein.

102.     PLAINTIFF is the exclusive rights holder of PLAINTIFF'S CONTENT/the ZEE CONTENT for the TERRITORY; and, PLAINTIFF has the exclusive rights to broadcast, distribute, display and license certain premium cable television programming services in the United States.

103.    PLAINTIFF'S exclusive rights are derived from the original producers of the content via written assignments, and in this case, from the company ZEE, which has produced the ZEE CONTENT in India.

104.    The ZEE CONTENT works/programs are recognized as copyrighted works in India; and, because India and the United States are parties to the Berne Convention and Treaty, the ZEE CONTENT is protected in the United States under the US Copyright Act, Title 17 of the United States Code.

105.    DEFENDANTS have infringed PLAINTIFF'S exclusive rights under copyrights, including the rights of distribution, display and broadcast, in violations of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

106.    DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

107.    As a direct and proximate result of DEFENDANTS' foregoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S CONTENT/the ZEE CONTENT. PLAINTIFF is entitled to injunctive relief pursuant to 17 U.S.C. 502.

## SEVENTH CLAIM FOR RELIEF
### (Inducement And Contributory Infringement)

108.    PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 107, as if set forth fully herein.

109.    Each of the DEFENDANTS has induced, caused, and/or materially contributed to unauthorized distribution of PLAINTIFF'S CONTENT/the ZEE CONTENT by the other DEFENDANTS.

110.    DEFENDANTS' conduct constitutes contributory infringement of PLAINTIFF'S CONTENT/the ZEE CONTENT.

111.    DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

112.    As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S rights. PLAINTIFF is entitled to injunctive relief pursuant to 17 U.S.C. 502.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Contract)

113.    PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 112, as if set forth fully herein.

114.    Effective as of December 19, 2011, Plaintiff ATUL [referred to as "Network"] entered into the DISTRIBUTION AGREEMENT with defendants RELIABLE and RAVI (Exhibit "C"), and PLAINTIFF has performed each and every obligation required of it under said agreement that it was required to up to the point of defendants RAVI and RELIABLE's breach.

115.    Defendants RELIABLE and RAVI breached the DISTRIBUTION AGREEMENT by, among other things, accessing, transmitting, distributing and/or otherwise infringing PLAINTIFF'S CONTENT/the ZEE CONTENT during the period while the contract was still in force.

116.     DEFENDANTS' acts have been deliberate, willful, intentional and purposeful, in reckless disregard of and with indifference to PLAINTIFF'S rights.

117.     As a direct and proximate result of DEFENDANTS' forgoing acts and conduct, PLAINTIFF has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined by this Court, DEFENDANTS will continue to infringe PLAINTIFF'S exclusive rights to PLAINTIFF'S CONTENT/the ZEE CONTENT, including the REGISTERED MARKS. Accordingly, the Court should enjoin and restrain DEFENDANTS from committing any further such acts.

### NINTH CLAIM FOR RELIEF
### ANTI-DILUTION PURSUANT TO NEW YORK GBL § 360-1

118.     PLAINTIFF repeats and re-alleges the allegations set forth in paragraphs 1 through 117, as if set forth fully herein.

119.     DEFENDANTS' use of PLAINTIFF'S REGISTERED MARKS in the conduct of trade constitutes unfair and deceptive practices in violation of Section 360-1 of New York State General Business Law.

120.     By reason of DEFENDANTS' actions, PLAINTIFF has been seriously and irreparably injured and, unless DEFENDANTS are restrained therefrom, PLAINTIFF will continue to be so damaged for which PLAINTIFF has no adequate remedy at law.

WHEREFORE, Plaintiff ATUL prays for judgment as follows:

1.     That judgment be entered for Plaintiff ATUL and against DEFENDANTS on each of Plaintiff ATUL's claims for relief;

2.     For a preliminary and permanent injunction that DEFENDANTS and their agents, servants, employees, attorneys and those acting in concert or participation with any of them:

i.   Delete and disable access to PLAINTIFF'S CONTENT/the ZEE CONTENT, including but without limitation, by deleting all copies of PLAINTIFF'S CONTENT/the ZEE CONTENT from any database, server, or other storage device owned or controlled by DEFENDANTS;

ii.   Cease and refrain from accessing, transmitting, distributing, broadcasting and/or otherwise publicly displaying and/or infringing PLAINTIFF'S CONTENT/the ZEE CONTENT;

iii.   Refrain from using the Registered Marks "Z" and "ZEE" or any other confusingly similar mark in connection with the sale, advertisement, marketing or promotion of any goods or services or any other similar infringement of PLAINTIFF'S exclusive rights to use the Registered Marks "ZEE" and "Z";

iv.   Refrain from engaging in unfair competition by advertising, promoting, marketing, selling or offering for sale their goods and services and/or otherwise using the Registered Marks "ZEE" and "Z" in such a way to mislead, deceive and/or confuse the origin of any of PLAINTIFF'S programming services and the ATUL CONTENT;

v.   Refrain from any conduct that tends to confuse, mislead and/or deceive members of the public into believing that the PLAINTIFF'S CONTENT/the ZEE CONTENT accessed, transmitted, distributed, publicly displayed, and/or broadcasted by DEFENDANTS are sponsored, approved or authorized by Plaintiff ATUL;

     vi.    To recall and deliver up for destruction all advertising, promotional and/or marketing materials or other products that infringe PLAINTIFF'S exclusive rights to the REGISTERED MARKS or copyrights;

     vii.   To engage in corrective advertising to dispel the confusion caused by DEFENDANTS' wrongful acts; and

     viii.   Within thirty (30) days after service of an order from the Court be required to file with the Court and serve upon PLAINTIFF'S attorneys a written report under oath setting forth in detail the manner in which DEFENDANTS have complied with the foregoing paragraphs.

3.     For maximum statutory damages with respect to each copyrighted work and trademark infringed, or for such other amount as may be proper or, alternatively, at PLAINTIFF'S election, full restitution, actual damages suffered as a result of the infringement, an equitable accounting and payment of all revenues and/or profits wrongfully derived by DEFENDANTS from their infringement, false designation of origin, unfair competition and breach of contract.

4.     Any and all damages sustained by PLAINTIFF resulting from DEFENDANTS' wrongful and infringing acts.

5.     For PLAINTIFF'S attorney's fees and full costs.

6.     That PLAINTIFF be awarded treble damages, enhanced, punitive and exemplary damages against DEFENDANTS.

7.     That this case is exceptional pursuant to 15 U.S.C. §1117.

8.     That PLAINTIFF be awarded pre-judgment interest on its judgment.

9.      For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 5, 2012

MEGHA BHOURASKAR (MB8888)
POPPE & BHOURASKAR, LLP
Attorneys for Plaintiff
350 Fifth Avenue, Suite 7315
New York, New York10118
TEL: (212) 695-1515
FAX: (212) 629-8691
Email: Meghab@pblegal.com

## VERIFICATION

STATE OF NEW YORK   )
                         )
COUNTY OF NEW YORK  )

Suresh Bala Ayer, being sworn, says:

I am the Chief Executive Officer of Asia TV USA Ltd., and am duly authorized to make this verification.

I have read the foregoing complaint and know the contents thereof, which on information and belief, I believe to be true. I have personal knowledge of Asia TV USA Ltd. and its activities, including those set out in the foregoing Complaint, and if called upon to testify, I would competently testify to the matters stated herein.

SURESH BALA AYER

Sworn to before me this
5th day of July, 2012

Notary Public

SUSANNE J. YELLIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02YE4884434
Qualified in Suffolk County
My Commission Expires April 25, 20 15